1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARKELLE NEAL TAYLOR,

11              Petitioner,                    No. CIV S-05-0788 MCE GGH P

12        vs.

13   THOMAS CAREY, et al.,

14              Respondents.              <u>ORDER</u>

15   _____/

16              Petitioner, a state prisoner proceeding through counsel, has filed this application

17   for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United

18   States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

19              On August 7, 2008, the magistrate judge filed findings and recommendations

20   herein which were served on all parties and which contained notice to all parties that any

21   objections to the findings and recommendations were to be filed within twenty days.  Petitioner

22   has filed objections to the findings and recommendations.

23              In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 72-

24   304, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire

25   file, the court finds the findings and recommendations to be supported by the record and by

26

1

1    proper analysis.[1]

2              Accordingly, IT IS HEREBY ORDERED that:

3              1.  The findings and recommendations filed August 7, 2008, are adopted in full;

4    and

5              2.  Petitioner's application for a writ of habeas corpus is denied.

6    Dated:  October 7, 2008

7

8                                        MORRISON C. ENGLAND, JR.
                                         UNITED STATES DISTRICT JUDGE
9

10

11

12

13

14

15

16

17

18

19
_____

20        [1]  Petitioner raised a Batson claim alleging that the prosecutor improperly struck an
     African American potential juror, Mr. Hubbard.  The prosecutor told the trial court that he struck
21   Mr. Hubbard because he had a bachelors degree in theology and she was concerned that this
     religious background would make him sympathetic to defendant.  The trial court found that this
22   was a race neutral reason.  In denying the Batson claim, the magistrate judge observed that
     petitioner did not argue that the record contained any evidence suggesting that the prosecutor
23   failed to strike any white potential jurors based on their religious views.  In his objections,
     petitioner argues that the prosecutor did not question one of the potential jurors who stated in
24   their questionnaire that their spouse was retired from Christian Brothers Catholic High School.
     Attached to the objections is a copy of this questionnaire.  That a potential juror's spouse retired
25   from employment at a Catholic high school is quite different from a potential juror who obtained
     a bachelor's degree from a four year bible college.  This new information does not change the
26   analysis of this claim in the findings and recommendations.